510

JOHN P. HAUN, Plaintiff In Error, v. WILLIE BROWN, Defendant in Error.—362 S. W. (2d) 802.

Eastern Section. March 27, 1962.

Certiorari Denied by Supreme Court October 4, 1962.

William S. Shields, Maryville, for plaintiff in error.

Rom Meareo, Maryville, and Poor, Cox, Baker & McAuley, Knoxville, for defendant in error.

McAMIS, P. J. John P. Haun brought this suit to recover for personal injuries sustained while riding in an automobile owned and operated by defendant Willie Brown. The case was heard before the Circuit Judge without a jury and was dismissed on defendant's motion at the close of plaintiff's proof in chief. While the motion to dismiss was being argued plaintiff moved to amend the declaration to charge, as his witness Headrick had testified, that defendant was driving on the wrong side of the highway when he collided with Headrick's car. The motion to amend was overruled.

The assignments are that the Court erred in not holding that plaintiff's proof established prima facie that defendant was driving too fast under prevailing conditions; that he was not keeping a proper lookout to observe the movement of other vehicles on the highway and, after observing the Headrick car, failed to take precautions to avoid the collision. It is also insisted the Court abused its discretion in refusing to allow the amendment to make the declaration conform to the positive testimony of Headrick that defendant crossed the center of the highway before colliding with the Headrick car.

■ We can not say there was an abuse of discretion in refusing to allow the amendment to the declaration. Plaintiff had previously sued Headrick and obtained a judgment against him on the ground that it was Headrick who crossed the center line and collided with defendant and this averment as to the position of Headrick's car was reiterated in the declaration filed in this case. As a result of the previous suit plaintiff must have been well aware of what Headrick would testify and could hardly have been surprised. And in seeking to make the amendment plaintiff was attempting to take a position directly contrary to his position in the former suit as well as in the declaration filed in this case. No doubt it was this inconsistency as well as plaintiff's lateness in making the motion to amend which led the Court to deny the motion.

With Headrick's testimony that defendant was driving on the wrong side of the highway eliminated, was the proof sufficient to show negligence and proximate cause?

Plaintiff testified that he met defendant on the street and agreed to make a trip with him in his car along Highway 73 to look for a bottle of whiskey which defendant told him he had thrown out while being chased by

officers on the previous night; that having failed in this mission defendant turned around and was driving westwardly toward Maryville at a speed of 50 or 60 miles per hour when he met and collided with the Headrick car at a point where the highway was heavily traveled in front of the Creamland Drive-in. Plaintiff admitted that he did not see the Headrick car before the collision until it suddenly pulled out in front of defendant and that he knew of nothing defendant could have done to avoid the collision.

The reports of officers who investigated the accident filed as a part of plaintiff's proof indicate that the Headrick car crossed the highway and was on defendant's side when the collision occurred. Headrick's testimony indicates that defendant was traveling 60 or 70 miles per hour in a 45 mile zone.

██ In a law case tried without the intervention of a jury a motion to dismiss at the close of plaintiff's proof in chief should be overruled if the plaintiff has succeeded in making out a prima facie case of liability. In determining that question the rule is much the same as that controlling the court's action on motion for peremptory instructions in a jury case. The Court is not called upon to weigh the evidence. Evidence contradictory to that supporting plaintiff's contention should be disregarded and he is entitled to the benefit of the testimony of a witness favorable to him even though contradicted by another of his own witnesses. In short, all doubt arising from the proof should be resolved in plaintiff's favor.

██ We are of opinion, however, that even when so considered the proof in this case failed to make out a prima facie case.

It is true there is proof defendant was driving 60 or 70 miles per hour in a 45 mile speed zone. When the declaration does not charge a violation of the statutory speed limit, this proof of speed might raise an inference that, as charged in the declaration, defendant's speed was too great under prevailing conditions and that in driving at that speed he was guilty of negligence.

But plaintiff is not only burdened with the duty of proving negligence on the part of defendant. In order to be entitled to a judgment he must go further and prove that defendant's negligence was the proximate cause of the collision which resulted in his injuries. On the motion to dismiss it was necessary that he make a prima facie showing that such negligence was a proximate cause. This he failed to do:

Plaintiff failed to show by his own testimony or that of any of his witnesses that speed was the cause of the collision. We have noted the testimony that the Headrick car suddenly became an obstruction on defendant's side of the highway. All of the proof including that of the plaintiff himself is to the effect that there was nothing defendant could have done to avoid the collision. There is no proof from which it might reasonably be inferred that if defendant had been going only 45 miles per hour he could have stopped in time to avoid the collision after the Headrick car became an obstruction.

For the reason indicated there was no error in sustaining the motion to dismiss. It results that all assignments of error are overruled and the judgment affirmed at the cost of plaintiff.

Hale and Cooper, JJ., concur.